UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH DEAN DAWSON,<br><br>      Petitioner,<br><br>      v.<br><br>THE PEOPLE OF CALIFORNIA,<br><br>      Respondent. | Case No. 19-cv-05494-PJH<br><br>**ORDER DISMISSING MOTION TO STAY WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 25 |

Petitioner, a California prisoner, proceeds with a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was dismissed with leave to amend. Petitioner has not filed an amended petition but did file a motion for a stay.

## BACKGROUND

Petitioner was sentenced to 20 years in prison after he pleaded no contest to three counts of second-degree robbery. *People v. Dawson*, No. H041904, 2016 WL 758786, at *1 (Cal. Ct. App. Feb. 26, 2016). The California Court of Appeal affirmed his conviction on February 26, 2016. *Id*. This court can find no record of a petition for review with the California Supreme Court immediately following the affirmance by the California Court of Appeal. In 2019 petitioner filed habeas petitions with the Santa Clara County Superior Court, California Court of Appeal and California Supreme Court. Petition (Docket No. 10) at 3-4. The petitions were all denied in 2019.

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

Petitioner does not present distinct claims though he appears to argue that his sentence was improper because the distinction between violent and non-violent offenses violates the law.  He also argues that he should be resentenced pursuant to California Senate Bill 1393 which provides discretion for trial courts to strike or dismiss prior serious or violent felonies used to enhance sentences.  Senate Bill 1393 became law on September 30, 2018.

The Antiterrorism and Effective Death Penalty Act of 1996, which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which:  (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

In the original screening order, the court noted that it appeared that this petition was untimely. The California Court of Appeal affirmed the conviction on February 26, 2016. If petitioner did not seek review with the California Supreme Court, then the petition is untimely because the statute of limitations expired in 2017. Petitioner was advised that he should indicate if he sought review from the California Supreme Court in 2016 on direct review. His later state habeas petitions do not affect the analysis because a state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

Petitioner was also informed that assuming that this petition is timely, petitioner is still not entitled to relief. If he sought resentencing in this petition, which contains the same arguments presented to the state courts, the state courts have already denied his requests. To the extent petitioner claimed that California law had been violated, any such claim is dismissed because federal habeas relief is not available for state law errors. A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citations omitted).

Petitioner has failed to address these issues. He has not indicated if he filed a petition with the California Supreme Court on direct review in 2016. He has not clarified his claims or even if this petition presents cognizable federal claims. In his motion for a stay petitioner presents boiler plate exhibits regarding the statute of limitations and procedural default. Yet, he does not address how these arguments relate to his petition and claims. Nor does petitioner present any arguments for a stay. The motion for a stay is dismissed with leave to amend.

Petitioner is advised that in *Rhines v. Weber*, 544 U.S. 269 (2005) the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to

have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. *Rhines*, *supra*, at 277-78. If petitioner wishes to stay this action, he shall file a motion addressing the *Rhines* factors.

In the alternative, petitioner may file a motion for a stay pursuant to the three-step procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) and *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).[1] A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause, as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43 (finding district court's dismissal of unexhausted claims was improper because petitioner was not required to show good cause to avail himself of the *Kelly* three-part procedure but affirming the dismissal as harmless because the unexhausted claims did not relate back to the claims in the original petition that were fully exhausted at the time of filing). However, no statute of limitations protection is imparted by such a stay, nor are exhausted claims adjudicated during the pendency of such a stay.

The motion for a stay is dismissed without prejudice. Petitioner may file an amended motion addressing the standards set forth above. Petitioner should also indicate what claims he wishes to exhaust if a stay is requested. The court notes that the state courts have already denied petitioner's recent claims. Petitioner must also file an amended petition. He must address if the petition is timely, he must present distinct claims and describe how they present viable federal claims.

---

[1] "Pursuant to the *Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d at 1134 (citing *Kelly*, 315 F.3d at 1070-71).

**CONCLUSION**

1.      The motion for stay (Docket No. 25) is **DISMISSED** with leave to amend in accordance with the standards set forth above.  Petitioner may file an amended motion for stay by **February 28, 2020**.  An amended petition must be filed no later than **February 28, 2020**, and carry the words AMENDED PETITION on the first page.  Failure to amend within the designated time will result in the dismissal of the petition.

2.      Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: January 29, 2020

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge