UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH DEAN DAWSON,

Petitioner,

v.

THE PEOPLE OF CALIFORNIA,

Respondent.

Case No. 19-cv-05494-PJH

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**

Petitioner, a California prisoner, proceeds pro se with a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The amended petition/motion to stay was dismissed with leave to amend. Petitioner has filed a second amended petition.

**BACKGROUND**

Petitioner was sentenced to 20 years in prison after he pleaded no contest to three counts of second-degree robbery. *People v. Dawson*, No. H041904, 2016 WL 758786, at *1 (Cal. Ct. App. Feb. 26, 2016). The California Court of Appeal affirmed his conviction on February 26, 2016. *Id.* Petitioner did not seek review with the California Supreme Court. In 2019 petitioner filed habeas petitions with the Santa Clara County Superior Court, California Court of Appeal and California Supreme Court. Petition (Docket No. 10) at 3-4. The petitions were all denied in 2019.

**STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet

heightened pleading requirements.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

The previous petitions were dismissed with leave to amend for petitioner to address the timeliness of this petition and to set forth his claim or claims.  In this second amended petition, petitioner presents many arguments regarding why he was unable to seek review in the California Supreme Court on direct review and why he is entitled to tolling.  However, petitioner failed to set forth what claims were later exhausted in state court and what claims he wishes to proceed with in this court.  The second amended petition is dismissed with leave to amend.  If petitioner files a third amended complaint he must clearly and plainly set forth his claims.  He must also show that these claims were presented to the California Supreme Court.  This is the final amendment that will be permitted.

Petitioner is also informed that if he seeks resentencing similar to his arguments in state court, he is not entitled to relief because the state courts have already denied his requests.  To the extent petitioner claims that California law has been violated, any such claim is dismissed because federal habeas relief is not available for state law errors.  A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'"  *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citations omitted).

If petitioner seeks a stay, he must present arguments why he is entitled to a stay.  In *Rhines v. Weber*, 544 U.S. 269 (2005) the United States Supreme Court found that a

2

1  stay and abeyance of a mixed federal petition should be available only in the limited
2  circumstance that good cause is shown for a failure to have first exhausted the claims in
3  state court, that the claim or claims at issue potentially have merit and that there has
4  been no indication that petitioner has been intentionally dilatory in pursuing the litigation.
5  *Rhines*, *supra*, at 277-78.

6  In the alternative, petitioner may file a motion for a stay pursuant to the three-step procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) and *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).[1] A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause, as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43 (finding district court's dismissal of unexhausted claims was improper because petitioner was not required to show good cause to avail himself of the *Kelly* three-part procedure but affirming the dismissal as harmless because the unexhausted claims did not relate back to the claims in the original petition that were fully exhausted at the time of filing). However, no statute of limitations protection is imparted by such a stay, nor are exhausted claims adjudicated during the pendency of such a stay.

**CONCLUSION**

1. The second amended petition is **DISMISSED** with leave to amend. A third amended petition must be filed no later than **June 12, 2020**, and carry the words AMENDED PETITION on the first page. Failure to amend within the designated time will result in the dismissal of the petition.

2. Petitioner must keep the court informed of any change of address and must

---

[1] "Pursuant to the *Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d at 1134 (citing *Kelly*, 315 F.3d at 1070-71).

comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: May 12, 2020

                                        /s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge